IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL MOLDENHAUER,<br><br>        Plaintiff,<br><br><br><br>                vs.<br><br><br><br>FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), Successor to Washington Mutual Savings Bank ("WaMu"); J.P. MORGAN CHASE BANK, NA ("Chase"), purchaser of WaMu from FDIC; and John Does 1 through 5,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>Case No. 2:09-CV-00756 TS |

This matter is before the Court on two Motions to Dismiss, one filed by JP Morgan Chase Bank, N.A. ("Chase"), as a successor to certain assets and liabilities of Defendant Washington Mutual ("WaMu"), the other filed by the Federal Deposit Insurance Corporation ("FDIC"). In the underlying case, Plaintiff asserts multiple federal and state claims related to a mortgage loan obtained by Plaintiff from WaMu (the "Loan"). WaMu eventually was declared insolvent by the Office of Thrift Supervision ("OTS") and the FDIC became Receiver for the purposes of liquidation of WaMu's assets. Most of those assets, including the Loans, were sold by the FDIC

1

to Chase, who also assumed certain liabilities.  For the reasons discussed below, the Court will grant both Motions.

## I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept conclusory allegations without supporting factual averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

## II.  BACKGROUND

---

[1]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Plaintiff, a Utah resident, obtained the Loan in the amount of $840,000 from WaMu in June 2006, for the purpose of purchasing a residence in Herriman, Utah.[6] The Loan was secured by a corresponding Trust Deed.[7] On September 25, 2008, OTS seized WaMu and placed it into the receivership of the FDIC, who sold most of WaMu's assets and liabilities to Chase.[8] That sale was effectuated by a Purchase and Assumption Agreement (the "Agreement"), executed by Chase and the FDIC Receiver. Section 2.5 of the Agreement states that "any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, . . . related in any way to any loan or commitment to lend made by [WaMu] prior to [September 25, 2008] . . . are specifically not assumed by [Chase]."[9] Plaintiff filed his Complaint on August 27, 2009, alleging causes of action for rescission under the Truth in Lending Act ("TILA"), fraud, conspiracy to defraud, and negligence.[10]

## III. DISCUSSION

Plaintiff makes certain factual allegations of wrongdoing against WaMu, the liabilities for which may pass to its successors and assigns. Plaintiff does not argue that Chase was involved in

---

[6]Complaint, Docket No. 1 at p. 3, ¶ 8.

[7]*Id.*

[8]Complaint, Docket No. 1 at p. 2, ¶¶ 2-3.

[9]*Id.*, *see also* Memo in Supp., Docket No. 5 at 2, ¶¶ 1-2. A complete copy of the Purchase and Assumption Agreement is published on the FDIC's website, at: *http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf*.

[10]Complaint, Docket No. 1 at 3, 5, and 7.

the alleged wrongdoing and only alleges that Chase is liable as a successor or assign of WaMu.[11] Chase argues that it cannot be held liable for the alleged wrongdoing of WaMu because it is not a successor to the liabilities associated with WaMu's loan to Plaintiff.[12] Specifically, Chase argues that it did not acquire any liabilities from WaMu when it purchased WaMu's assets from the FDIC Receiver and that, therefore, Plaintiff cannot maintain a cause of action against it.[13] Chase argues that it never assumed liability for the type of claims brought by Plaintiff and that all claims against it must be dismissed for failure to state a claim.[14] The FDIC also argues that the Court lacks subject matter jurisdiction because the plaintiff has not pled sufficient facts to show that the Court has jurisdiction and because the plaintiff has not exhausted his administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").[15]

FDIC's Motion to Dismiss for lack of Subject Matter Jurisdiction

Exhaustion of administrative remedies is mandatory where Congress has provided such remedies.[16] FIRREA sets forth a detailed plan for the submission and determination of claims

---

[11]*Id.* at 2, ¶¶ 3-4.

[12]Memo in Supp., Docket No. 5 at 3.

[13]*Id.* at 3-4.

[14]*Id.*

[15]Mem. in Supp., Docket No. 12 at 6.

[16]*Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.*, 489 U.S. 561, 579 (1989) ("Our past cases have recognized that exhaustion of administrative

against a failed institution.[17]  The Tenth Circuit has found that Congress intended that all claims

first go through the administrative review process before suit could be filed.  In *Resolution Trust*

*Corp. v. Mustang Partners*,[18] the Tenth Circuit stated:

> The statute clearly requires that each creditor file a claim.  In the event the claim is
> disallowed, the creditor can then file suit *or continue* to pursue a suit already filed.  No
> interpretation is possible which would excuse this requirement for creditors with suits
> pending, or allow the filing of suit to substitute for the claim process.[19]

In this case, Plaintiff has not pled the exhaustion of his administrative remedies by

alleging that he filed a claim with FDIC and that the claim has been denied or otherwise disposed

of by FDIC.  Therefore, his claim against FDIC will be dismissed.


Chase's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted

Plaintiff alleges three causes of action: First, rescission under the Truth-in-Lending Act

("TILA") § 226.32 ("Regulation Z").  Second, fraud and conspiracy to defraud.  Third,

negligence.  However, these claims are all based on alleged wrongdoings of WaMu.  Chase, in

acquiring the Loan from FDIC, expressly did not assume certain liabilities of WaMu.  Under the

Purchase and Assumption Agreement between Chase and the FDIC, Chase is not liable for

"claims for payment of or liability to any borrower for monetary relief, or that provide for any

other form of relief to any borrower . . . related in any way to any loan or commitment to lend

---

remedies is required where Congress imposes an exhaustion requirement by statute.")

[17]12 U.S.C. § 1821 (d)(3)-(12).

[18]946 F.2d 103 (10th Cir. 1991).

[19]*Id.* at 106 (emphasis in original) (citations omitted).

made by [WaMu]" prior to September 25, 2008 when WaMu was placed into FDIC receivership, "or otherwise in connection with [WaMu's] lending or loan purchase activities."

Because these claims all relate to a loan made before September 25, 2008, Plaintiff has not stated a claim against Chase because Chase expressly did not assume the liability for which Plaintiffs seek to recover. Therefore, Plaintiffs claims against Chase will be dismissed. Further, Plaintiff has not sufficiently pled causes of action for these same claims.

Rescission claim under Regulation Z of TILA.

Plaintiff claims that he should be able to rescind the contract because defendants failed to disclose certain information that, under Section 226.32 of TILA, they are required to disclose. However, Plaintiff fails to state a cause of action because Section 226.32 is not applicable to this case. 12 C.F.R. § 226.32(a)(2) provides that "[T]his section does not apply to . . . (i) A residential mortgage transaction." Likewise, the right to rescind a loan transaction and ancillary disclosure obligations do not apply to a residential mortgage transaction.[20] Hence, Plaintiff's rescission claim will be dismissed.

Fraud and Conspiracy to Defraud

Plaintiff's second cause of action alleges fraud and conspiracy to defraud. For a plaintiff to bring a successful claim of fraud against a defendant "all the elements of fraud must be established by clear and convincing evidence."[21] The elements that must be shown are:

---

[20]*See* 12 C.F.R. § 226.23(f); 15 U.S.C. § 1635(e); *Bentley v. American Home Mortgage Assets Trust 2007-3 Mortgage-Backed Pass-Through Certificates, Series 2007-3, et al*, 2010 WL 520279 *2-3 (D. Utah Feb. 9, 2010).

[21]*Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).

(1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[22]

Plaintiff's allegation of fraud must meet the requirements set out in FED.R.CIV.P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[23] "Rule 9(b) requires that a plaintiff set forth the who, what, where, and how of the alleged fraud."[24]

Plaintiff fails to meet the pleading requirements of Rule 9(b). The Complaint alleges that through employees, agents, and independent contractors, WaMu conspired to defraud Plaintiff by providing him with a loan which he could not qualify for in order to inflate the values of WaMu's loan portfolio so that WaMu could market its loan assets to the securities market at an inflated value.

Though Plaintiff does include some extra detail about the alleged fraudulent scheme, Plaintiff's allegations are insufficient to support a claim for fraud. Plaintiff's allegations are

---

[22]*Id.*

[23]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991)).

[24]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

merely "naked assertion[s] 'devoid of further factual enhancement.'"[25] Those facts which are

alleged do not nudge Plaintiff's claims across the line from conceivable to plausible. Plaintiff

does not describe with sufficient specificity what representation were made, when they were

made, and who made them. As a result, they do not even meet the requirements of FED.R.CIV.P.

8. Nor do these broad, vague, and conclusory allegations meet the stricter requirements of Rule

9(b).

Regarding Plaintiff's conspiracy claim, under Utah law Plaintiff must show five elements

in order to prove a civil conspiracy: "(1) a combination of two or more persons; (2) an object to

be accomplished; (3) a meeting of the minds on the object of course of action; (4) one or more

unlawful, overt acts; and (5) damages as a proximate cause thereof."[26]

Plaintiff's Complaint fails to sufficiently plead a factual basis of conspiracy. Plaintiff

alleges that "defendants' fraud and conspiracy to defraud is wide spread and the evidence clearly

demonstrates a pattern and practice that was prevalent throughout defendants' nationwide

mortgage business."[27] Although Rule 8 does not require "detailed factual allegations," it does

"demand[] more than an unadorned, the defendant-unlawfully-harmed-me-accusation."[28] Here,

Plaintiff merely makes a legal conclusion, "couched as a factual allegation,"[29] that a conspiracy

---

[25]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (quoting *Twombly*, 550 U.S. at 557).

[26]*Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1064 (Utah 2002) (citation omitted).

[27]Complaint, ¶ 26, Docket No. 1.

[28]*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

[29]*Id.* at 1950.

has taken place and provides nothing beyond that. Therefore, Plaintiff's second cause of action

for fraud and conspiracy to defraud will be dismissed for failure to state a claim upon which

relief can be granted.

Negligence.

Plaintiff's Complaint alleges that, even if the Defendants are not held responsible for the

fraudulent acts of their agents, Defendants have a duty to Plaintiff to protect him from fraudulent

acts of their agents.[30] Even if such a duty existed, Plaintiff has already failed to sufficiently plead

a cause of action for fraud. Plaintiff cannot properly allege that Defendants were negligent in

failing to protect him from unlawful behavior if the underlying unlawful behavior is not

adequately alleged. Therefore, Plaintiff's third cause of action for negligence will be dismissed.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that both Chase's and the FDIC's

Motions to Dismiss (Docket Nos. 5 and 11) are GRANTED. Plaintiff's claims are DISMISSED

with prejudice. The Clerk of the Court is directed to close this case forthwith.

DATED   March 18, 2010.

BY THE COURT:

_____

TED STEWART

United States District Judge

---

[30]Complaint, ¶¶ 35-38, Docket No. 1.